UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - X

DANIT REALTY, INC.,

                Plaintiff,    <u>ORDER</u>

    - against -                CV 2004-1750 (RJD)(MDG)

ERIK LOWE, <u>et</u> <u>al</u>.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - X

      This is a foreclosure action removed from state court by the United States of America, which, pursuant to a criminal judgment against defendant Peter Suckragh, has an interest in the sale proceeds of the property owned by Mr. Suckragh that is the subject of this action. On March 17, 2005, plaintiff electronically filed a motion for entry of default against Chaim Lipschitz and fourteen other defendants. Ct. doc. 16.

      By letter dated April 6, 2005, Samuel Halberg, Esq., counsel for defendant Steve Kaufman, requested leave to file a late answer on behalf of Chaim Lipschitz, who had entered into an agreement assigning his interest in the subject property to Mr. Kaufman. Ct. doc. 20. At a conference on April 19, 2005, this Court noted that plaintiff's opposing submission contained 2004 correspondence from a different attorney purporting to represent Mr. Lipschitz. Thus, notwithstanding the written agreement between Mr. Kaufman and Mr. Lipschitz, this Court was not willing to act on Mr. Halberg's request without documentation clearly indicating that Chaim Lipschitz has authorized Mr. Halberg to

appear on his behalf in this action.  In a letter dated May 15, 2005, Mr. Halberg forwarded a substitution of counsel and consent signed by Mr. Lipschitz indicating his consent to representation by Mr. Halberg.  Ct. doc. 28.  Mr. Halberg also filed an answer on behalf of Mr. Lipschitz.  Ct. doc. 27.  Under these circumstances and in light of the Second Circuit's preference that claims be adjudicated on the merits, see Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001), this Court grants nunc pro tunc the application for Mr. Lipschitz to file an answer to the complaint.

This Court notes that the plaintiff's motion for default has been pending for some time.  However, it appears that plaintiff may not have submitted a hard copy of its motion papers to the Clerk of the Court.  This Court will forward the motion papers to the Clerk of the Court, but warns the parties that they must observe all requirements regarding submission of courtesy copies of electronically filed documents[1] in order to insure proper consideration of any future motions or other applications.

**SO ORDERED.**

Dated:   Brooklyn, New York
         October 25, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

---

[1] Judge Dearie, to whom this case is assigned, requires a courtesy copy of documents filed electronically and this Court requires hard copies if a submission is voluminous or contains more than two exhibits.